# In the United States Court of Federal Claims

No. 20-933C

(E-Filed:  August 21, 2020)

**NOT FOR PUBLICATION**

| | |
|---|---|
| ANTHONY-LEWIS JERDINE, | ) |
| | ) |
| Plaintiff, | ) Pro Se Complaint; Tort Claim; |
| | ) Due Process; Eighth |
| | ) Amendment; <u>Sua Sponte</u> |
| v. | ) Dismissal for Lack of |
| | ) Jurisdiction; RCFC 12(h)(3). |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

<u>ORDER</u>

The court has before it pro se plaintiff Anthony-Lewis Jerdine's complaint, ECF No. 1, and his motion to proceed in forma pauperis in this matter, ECF No. 2.  Because the court lacks jurisdiction over the claims, the court dismisses this case <u>sua sponte</u> pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims (RCFC).  <u>See</u> RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

I.       Background

Plaintiff Anthony-Lewis Jerdine is currently incarcerated at the Tallahatchie County Correctional Facility, also referred to by plaintiff as CoreCivic, in Mississippi. <u>See</u> ECF No. 1 at 6.  On July 27, 2020, plaintiff filed a "tort claim" complaint with this court.  <u>See</u> ECF No. 1 at 9.  In the complaint, plaintiff alleges a variety of claims including "breach of contract by the United States," for the United States Marshals Service's "inadequate response to the COVID-19 pandemic."  <u>Id.</u> at 2, 4.  Plaintiff claims that he has suffered "cruel and unusual punishment, false imprisonment, denial and/or abuse of due process, [and] reckless endangerment."  <u>Id.</u> at 2.

Plaintiff states that "[t]his claim is prima facie evidence of injurious actions by willful and gross negligence" on the part of the United States Marshals Service.  <u>Id.</u>

Specifically, plaintiff claims that "[t]he US Marshals have failed to act with reasonable care to mitigate the risks posed by COVID-19 [and] are liable by Tort." Id. at 7.  Plaintiff asserts violations of his rights to due process and other constitutional guarantees as a result of his current incarceration.  Id. at 2.  Plaintiff also alleges that his claims "are brought pursuant to the [Americans with Disability Act], 28 U.S.C. § 12132 et seq., and the [Rehabilitation Act], 29 U.S.C. § 794, et seq.," along with "42 U.S.C. § 1983 which authorizes actions to redress deprivation."  Id. at 5.  Plaintiff is seeking an "[a]ward claim (TORT) of $38,348,059.50[,] plus punitive damages."  Id. at 3.

Plaintiff attached several documents to his complaint including:  (1) an "Inmate/Resident Grievance" form; (2) a "Claim for Damage, Injury, or Death" form; (3) a "Certification of Identity;" (4) a copy of his "Passport Card;" (5) an "Affidavit of Identity;" (6) a "Public Servant Questionnaire;" (7) a "Legal Notice and Demand," also referred to as a "Contract in Admiralty Jurisdiction," which is signed only by plaintiff, a notary, and two witnesses but no counterparty; (8) a "UCC Financing Statement;" and (9) a "Private Registered Bond for Investment."   See ECF No. 1-2.

II.     Legal Standards

A.     Pro Se Litigants

The court acknowledges that pro se plaintiffs are not expected to frame issues with the precision of a common law pleading.  Roche v. U.S. Postal Serv., 828 F.2d 1555, 1558 (Fed. Cir. 1987).  Therefore, plaintiff's complaint has been reviewed carefully to ascertain whether, given the most favorable reading, it supports jurisdiction in this court.

B.     Jurisdiction

"A court may and should raise the question of its jurisdiction sua sponte at any time it appears in doubt."  Arctic Corner, Inc. v. United States, 845 F.2d 999, 1000 (Fed. Cir. 1988) (citation omitted).  The Tucker Act delineates this court's jurisdiction.  28 U.S.C. § 1491 (2012).  That statute "confers jurisdiction upon the Court of Federal Claims over the specified categories of actions brought against the United States."  Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc) (citations omitted).  These include money damages claims against the federal government founded upon the Constitution, an act of Congress, a regulation promulgated by an executive department, any express or implied contract with the United States, or any claim for liquidated or unliquidated damages in cases not sounding in tort.  Id. (citing 28 U.S.C. § 1491(a)(1)).

III.     Analysis

    A.     Motion for Leave to Proceed In Forma Pauperis

As an initial matter, plaintiff has filed a motion for leave to file in forma pauperis. See ECF No. 2.  Along with his application to proceed in forma pauperis, plaintiff filed the required Prisoner Authorization form.  See ECF No. 3.  Plaintiff failed, however, to file his trust fund account statement, which is required in order for the court to determine whether granting in forma pauperis status is appropriate.  See ECF No. 2 at 1 (application form stating that the trust fund account statement is "required by 28 U.S.C. § 1915(a)(2)").  Because his application is incomplete, plaintiff's motion for leave to proceed in forma pauperis, ECF No. 2, is denied.

    B.     Lack of Subject Matter Jurisdiction

Plaintiff's complaint relies on a variety of legal authorities, which, in plaintiff's view, entitle him to a monetary remedy for his claims of violation of due process and other constitutional guarantees, which are related to his incarceration in state prison during the COVID-19 pandemic.  See ECF No. 1 at 2-8.  This court does not possess jurisdiction over such claims.  As this court has previously explained:

> Although the Tucker Act confers jurisdiction to this Court over Constitutional claims, any allegedly violated provision must itself be money-mandating.  [Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005)]; See 28 U.S.C. § 1491(a).  Constitutional claims other than a Fifth Amendment taking claim "do not state a cause of action for monetary relief against the United States" in the Court of Federal Claims.  Frank's Livestock & Poultry Farm, Inc. v. United States, 17 Cl. Ct. 601, 607 (1989), aff'd, 905 F.2d 1515 (Fed. Cir. 1990).

Carpenter v. United States, 118 Fed. Cl. 712, 713 (2014), aff'd (Feb. 6, 2015).  Here, plaintiff does not allege a Fifth Amendment taking claim; thus, the court lacks jurisdiction over his claims based on alleged constitutional violations.  And to the extent that plaintiff means to allege claims for violations of his constitutional rights against individuals employed by the United States Marshals Service, jurisdiction is likewise lacking in this forum.  It is well-settled that claims related to violations of a plaintiff's constitutional rights by individual federal officials do not fall within this court's jurisdiction.  See Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997).

This court is also without jurisdiction to consider claims sounding in tort.  See 28 U.S.C. § 1491(a)(1) (limiting this court's jurisdiction to "cases not sounding in tort"). Therefore, to the extent that plaintiff means to allege tortious conduct on defendant's part

beyond the scope of the alleged constitutional violations, the court must also dismiss those claims for lack of jurisdiction.

Likewise, this court is without jurisdiction to consider plaintiff's statutory claims. Jurisdiction for claims pursuant to the Americans with Disabilities Act, the Rehabilitation Act, and 42 U.S.C. § 1983 (2012) lies exclusively with the district courts.  See Searles v. United States, 88 Fed. Cl. 801, 805 (2009) (collecting cases relating to the Americans with Disabilities Act and the Rehabilitation Act); Montoya v. United States, 22 Cl. Ct. 568, 571 (1991) ("[T]his court has no jurisdiction arising under 42 U.S.C. § 1983, because jurisdiction to adjudicate claims under this statute is limited to the district courts.").

Finally, the court notes that while plaintiff, at one point in the complaint, characterizes his claim as one for "breach of contract," see ECF No. 1 at 2, the only substantive claims the court can discern are either constitutional violations, tort claims, or statutory claims.  See, e.g., Katz v. Cisneros, 16 F.3d 1204, 1207 (Fed. Cir. 1994) ("Regardless of the characterization of the case ascribed by [the plaintiff] in [his] complaint, we look to the true nature of the action in determining the existence or not of jurisdiction.") (citing Livingston v. Derwinski, 959 F.2d 224, 225 (Fed. Cir. 1992)).  This is true despite the fact that plaintiff attaches a document to the complaint that purports to be a contract.  See ECF No. 1-2 at 8 (document titled "Legal Notice and Demand" and also referred to as a "Contract in Admiralty Jurisdiction").  The document that plaintiff declares to be a "Contract in Admiralty Jurisdiction" is not cited in the complaint, does not appear to bear any relation to the allegations in the complaint, and is signed only by plaintiff, a notary, and two witnesses, but no counterparty.  See id. at 8-24.  As such, the court concludes that no part of plaintiff's complaint can fairly be construed as a contract claim for purposes of determining the court's jurisdiction.

For the foregoing reasons, the court lacks jurisdiction over plaintiff's complaint, and must dismiss the same.  See RCFC 12(h)(3).

C.    Transfer

Because plaintiff's complaint is not within this court's jurisdiction, the court considers whether transfer to another federal court is appropriate.  Transfer of cases from this court to a district court is governed by 28 U.S.C. § 1631 (2012), which states in relevant part, as follows:

Whenever a civil action is filed in [this] court . . . and [this] court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court

4

to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

Id.  In the court's view, transfer would not serve the interests of justice in this case for two reasons.  First, the claims in plaintiff's complaint, together with the documents attached thereto, address such a wide range of subjects that the court cannot determine with any confidence what the appropriate venue for plaintiff's concerns would be.  The court will not devise a litigation strategy for plaintiff.  In addition, it appears that plaintiff has sought an alternative forum of his own accord in at least one instance—he filed a similar matter before the United States District Court for the Northern District of Mississippi on August 3, 2020.  See Anthony-Lewis Jerdine v. Warden Rafael Vergara, Case No. 3:20-cv-277-MPM-DAS (habeas corpus claim).  As such, transfer is inappropriate in this instance.

IV.    Conclusion

Accordingly,

(1)    Plaintiff's application to proceed in forma pauperis, ECF No. 2, is **DENIED**; and

(2)    The clerk's office is directed to **DISMISS** plaintiff's complaint without prejudice, and **ENTER** final judgment.

IT IS SO ORDERED.

s/*Patricia E. Campbell-Smith*
PATRICIA E. CAMPBELL-SMITH
Judge